UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EXPRESS GAMES MN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACRES 4.0, INC., <br><br> Defendant. | Case No. 13-cv-03483-MJD-JJK <br><br> **TEMPORARY RESTRAINING ORDER** |

The above-styled action came on for hearing before the undersigned on January 15, 2014, on Plaintiff Express Games MN, Inc.'s ("Express Games") Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 ("Motion") (Dkt. 21). Alan M. Anderson and Aaron C. Nyquist appeared on behalf of Plaintiff Express Games MN, Inc. Courtney M. Strean and Christian T. Balducci appeared on behalf of Defendant Acres 4.0, Inc.

The Court, having considered the arguments of counsel and the memoranda of the parties, the declarations and exhibits filed therewith, and all the files, records, and proceedings herein, ORDERS as follows:

1. Plaintiff Express Games MN, Inc.'s Motion for a Temporary Restraining Order (Dkt. 21) is GRANTED. Defendant Acres 4.0, Inc., its officers, directors, agents, attorneys, and all persons acting in active concert with them who receive actual notice of this Order are hereby enjoined until further order of this Court from turning off, shutting down, threatening to shut down, rendering inoperable, failing to provide maintenance or otherwise interfering with the

operation of any and all servers used to provide service to the Plaintiff's electronic gaming devices used in Minnesota. Such servers shall continue to be operated by the Defendant for the exclusive benefit of the Plaintiff until further order of this Court.

2. Within five (5) business days of the date of entry of this Order, Plaintiff Express Games MN, Inc. shall pay into the escrow account of this Court, all revenues due to Defendant Acres 4.0, Inc. for the months of October and November 2013 that have not been previously paid to the Defendant. Such revenues shall remain in the escrow account of this Court until further order of this Court. In addition, until further order of this Court, the Plaintiff shall pay as due and payable all monthly revenues otherwise due thereafter to Defendant into the escrow account of this Court. Such payments into the escrow account of this Court shall occur monthly as otherwise due to the Defendant.

3. Within five (5) business days of the date of entry of this Order, the Defendant Acres 4.0, Inc. shall submit to the Plaintiff's counsel copies of written actual invoices paid, receipts for amounts actually paid, or other documentation establishing any actual costs or expenses incurred and paid by the Defendant in connection with the operation and maintenance of the servers for the exclusive use and benefit of the Plaintiff in Minnesota during the months of October and November 2013. Plaintiff's counsel shall have five (5) business days after the date of receipt of such documentation to advise counsel for the Defendant of any agreement or any objection to such documentation. The parties are

directed to confer in good faith to reach complete agreement. To the extent the parties agree, they shall promptly submit a joint stipulation and order to the Court pursuant to which such funds as agreed shall be paid to the Defendant from those funds deposited by the Plaintiff in this Court's escrow account. To the extent any disagreement exists, the parties will simultaneously file written letter submissions with the Court within three (3) business days after the Plaintiff indicates any disagreements, not to exceed three (3) typewritten single-spaced pages, along with supporting documentation, setting forth the bases of their positions for decision by the Court. No responses will be permitted. The Court will then rule on such objections and will issue an order releasing such funds as it determines to the Defendant from the funds paid by the Plaintiff into the escrow account of this Court.

4. Commencing with any expenses actually incurred by the Defendant in connection with the operation and maintenance of the servers for exclusive use and benefit of the Plaintiff in Minnesota for December 2013 and for each month thereafter until further order of this Court, the Defendant shall submit documentation as described above of expenses actually incurred in each such month within five (5) business days of the end of each such month to Plaintiff's counsel for review. Plaintiff's counsel shall have ten (10) business days after the date of receipt to advise counsel for the Defendant of any agreement or any objection to such documentation. The parties are directed to confer in good faith to reach complete agreement. To the extent the parties

agree, they shall submit a joint stipulation and order to this Court pursuant to which such funds shall be paid to the Defendant from those funds deposited by the Plaintiff in this Court's escrow account.  To the extent any disagreement exists, the parties will simultaneously file written letter submissions three (3) business days after the Plaintiff indicates any disagreements, not to exceed three (3) typewritten single-spaced pages, along with supporting documentation, setting forth the bases of their positions for decision by the Court.  No responses will be permitted.  The Court will then rule on such objections and will issue an order releasing such funds as it determines to the Defendant from the funds paid by the Plaintiff into the escrow account of this Court.

5. The Plaintiff's motion for preliminary injunctive relief is hereby referred to Magistrate Judge Jeffrey J. Keyes for Report and Recommendation.  The Plaintiff shall contact Magistrate Judge Keyes to schedule a hearing on said motion and to obtain a briefing schedule.

Dated: January 22, 2014.                    s/ Michael J. Davis
                                                    Michael J. Davis
                                                    Chief Judge
                                                    United States District Court